IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 97-50355
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR HERNANDEZ-RODRIGUEZ,

Defendant-Appellant.

Appeal from the United States District Court for the
Western District of Texas
USDC Nos. P-95-CV-62, P-92-CR-74-1

July 24, 1998

Before GARWOOD, JOLLY and BARKSDALE, Circuit Judges.[*]

PER CURIAM:

Cesar Hernandez-Rodriguez, federal prisoner #55916-080, appeals from the denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He contends that his appellate counsel was ineffective for failing to raise a *Batson* claim. He also argues, for the first time on appeal, that

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court erred in omitting to grant him a downward departure for his post-offense rehabilitative efforts and for being a deportable alien.  Finally, he contends, also for the first time on appeal, that he qualifies for the "safety valve" provision of U.S.S.G. § 5C1.2.

Hernandez's ineffective assistance of counsel claim is unavailing because he has failed to demonstrate any prejudice as a result of his counsel's omission.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  As for his other claims, a thorough review of the record reveals no reversible error.  *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Flores-Ochoa*, 139 F.3d 1022, 1023 (5th Cir. 1998), *petition for cert. filed*, (May 22, 1998) (No. 98-9199).  And, as to these claims, even if it were appropriate to follow *Flores-Ochoa* rather than *Cervantes*, and even if there were plain error, which there is not, there is nothing which seriously affects the fairness, integrity, or public reputation of the proceedings, and this Court would not exercise its discretion to "correct" any of the forfeited purported errors.  *United States v. Olano*, 507 U.S. 725, 735-36 (1993).

AFFIRMED

2